UNITED STATES DISTRICT COURT
IN THE EASTERN DISTRICT OF MICHIGAN — SOUTHERN DIVISION

RANDY CLEARY,

    Plaintiff,

-vs-                                        Case No.
                                              Hon.

CORELOGIC SAFERENT, INC.

    Defendant

## COMPLAINT & JURY DEMAND

*Randy Cleary states the following claims for relief:*

## Jurisdiction

1. All allegations and claims in this complaint stem from false and inaccurate consumer reporting relating to Mr. Cleary.

2. Mr. Cleary brings this lawsuit under the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681 *et seq.*

3. The claims presented under the FCRA present a federal question for purposes of 28 U.S.C. § 1331.

1

## Parties

4. Randy Cleary resides in Brighton, Michigan.

5. Randy Cleary is a consumer as defined by the Fair Credit Reporting Act, 15 U.S.C. § 1681 *et seq.* ("FCRA") at §1681a(c).

6. The Defendant to this action is CoreLogic SafeRent, Inc. ("CoreLogic"). CoreLogic is a consumer reporting agency as contemplated by the Fair Credit Reporting Act, 15 U.S.C. § 1681 *et seq.*

7. Venue is proper in the Eastern District of Michigan because the events described in this complaint transpired in eastern Michigan within this district and CoreLogic does business in this district.

## General Factual Allegations

8. Mr. Cleary applied for housing at Brighton Sylvan Glen Estates in March or April of 2016.

9. First Holding Management Company LLC ("First Holding Management"), owner of Brighton Sylvan Glen Estates, evaluated Mr. Cleary's application for housing.

10. First Holding Management used Mr. Cleary's CoreLogic consumer report in order to evaluate Mr. Cleary's application for housing.

11. First Holding Management denied Mr. Clearly housing based on inaccurate

criminal history in Mr. Cleary's CoreLogic consumer report.

12. Mr. Cleary does not have any criminal history properly attributable to him.

13. Mr. Cleary has been a victim of identity theft since 1987, when a criminal began providing Mr. Cleary's name to the police when he was arrested.

**Factual Allegations Relative to the CoreLogic Consumer Report**

14. As part of its ordinary and regular business practices, Brighton Sylvan Glen Estates uses consumer reports to determine the eligibility of applicants for housing.

15. Brighton Sylvan Glen Estates requested a consumer report concerning Mr. Cleary from CoreLogic.

16. CoreLogic prepared and delivered a consumer report concerning Mr. Cleary to Brighton Sylvan Glen Estates.

17. Mr. Cleary obtained a copy of his consumer disclosure from CoreLogic in May 2016.

18. Mr. Cleary's disclosure contained inaccurate criminal history information including the following:

　a) Breaking & Entering a building with intent in 2007

　b) Unarmed robbery in 1987

　c) Escaping prison in 1988

3

    d) Traffic violation, minor misdemeanor in 2010

19. Mr. Clearly has never been convicted of these crimes, or any crimes.

20. CoreLogic published a report containing these convictions to First Holding Management.

21. As a result of the inaccuracies on his consumer report, First Holding Management denied Mr. Cleary housing.

22. Mr. Cleary suffered damages as a result of these events.

23. CoreLogic failed to follow reasonable procedures to ensure the maximum possible accuracy of the report which it issued in violation of 15 U.S.C. § 1681e(b).

## COUNT I — FCRA, 15 U.S.C. § 1681 *et seq.*

24. Mr. Cleary incorporates the preceding allegations by reference.

25. CoreLogic prepared one or more consumer reports relating to Mr. Cleary.

26. Those consumer reports contained inaccurate information.

27. CoreLogic failed to follow reasonable procedures to assure maximum possible accuracy of the information concerning Mr. Cleary contained within those reports.

28. CoreLogic violated the FCRA, 15 U.S.C. § 1681e(b).

29. CoreLogic's violation of the FCRA was negligent and caused harm to Mr.

Cleary in violation of 15 U.S.C. §§1681e(b) and 1681o; alternatively CoreLogic's violation of the FCRA was willful in violation of 15 U.S.C. §§1681e(b) and 1681n.

30. Mr. Cleary has suffered damages as a result of this violation of the FCRA.

### COUNT II — Special Claim for Injunctive Relief Under FCRA

31. Mr. Cleary incorporates the preceding allegations by reference.

32. Absent the clearest command to the contrary from Congress, federal courts retain their equitable power to issue injunctions in suits over which they have jurisdiction. *Califano v. Yamasaki*, 442 U.S. 682, 705, 99 S.Ct. 2545, 61 L.Ed.2d 176 (1979).

33. This Court has the authority to enjoin further violations of the FCRA by CoreLogic relative to Mr. Cleary.

34. Mr. Cleary requests that this Court declare his rights relative to the accuracy of the disputed criminal history information.

35. Mr. Cleary requests that this Court issue its injunction barring further publication of the disputed information concerning any criminal history attributable Mr. Cleary.

## **Demand**

36. Mr. Cleary demands trial by jury.

## **Request For Relief**

37. *ACCORDINGLY, Mr. Cleary requests that the Court grant any or all of the following relief:*

   A. Actual damages for items including emotional distress, mental anguish, frustration, humiliation, and embarrassment.

   B. Statutory damages in an amount to be determined at trial.

   C. Punitive damages in an amount to be determined at trial.

   D. Costs and attorney fees provided by statute.

   E. Declaratory and injunctive relief as appropriate.

   F. Any other relief the Court deems just.

Respectfully Submitted,

By: s/ Priya Bali
Priya Bali (P78337)
LYNGKLIP & ASSOCIATES
CONSUMER LAW CENTER, PLC
Attorney for Randy Cleary
24500 Northwestern Highway, Ste. 206
Southfield, MI 48075
PH: (248) 208-8864
Priya@MichiganConsuumerLaw.Com

Dated:   December 26, 2017