UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

RANDY CLEARY,

    Plaintiff,

vs.

CORELOGIC RENTAL PROPERTY SOLUTIONS, LLC,

    Defendant.

Hon. Bernard A. Friedman

Case No. 2:17-cv-14158-BAF-DRG

### DEFENDANT CORELOGIC RENTAL PROPERTY SOLUTIONS, LLC'S MOTION TO DISMISS, OR IN THE ALTERNATIVE, FOR PARTIAL JUDGMENT ON THE PLEADINGS REGARDING COUNT II OF PLAINTIFF'S FIRST AMENDED COMPLAINT

Pursuant to the Court's February 23, 2018 order and Rule 12(b)(6) of the Federal Rules of Civil Procedure, Defendant CoreLogic Rental Property Solutions, LLC ("CoreLogic"), by and through its counsel, respectfully moves this Court to dismiss, "Count II—Special Claim for Injunctive Relief Under FCRA," as well as Plaintiff's corresponding prayer for injunctive and declaratory relief, from Plaintiff Randy Cleary's ("Plaintiff") First Amended Complaint ("FAC") with prejudice, and submits the incorporated Memorandum of Law in support of this motion.[1]

---

[1] Alternatively, if the Court determines a Motion to Dismiss pursuant to Rule 12(b)(6) is inappropriate at this time, CoreLogic requests the Court consider this as a Motion for Judgment on the Pleadings pursuant to Rule 12(c) of the Federal

**MEMORANDUM OF LAW**

1. **INTRODUCTION**

On December 26, 2017, Plaintiff filed his Complaint, generally alleging that CoreLogic violated the federal Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681, *et seq.* By stipulation of the parties, Plaintiff filed the FAC on or about February 1, 2018, changing only the named defendant from "CoreLogic SafeRent, Inc." to "CoreLogic Rental Property Solutions, LLC." Plaintiff alleges two counts against CoreLogic: "Count I—FCRA, 15 U.S.C. § 1681 *et seq.*" and "Count II—Special Claim for Injunctive Relief Under FCRA" ("Count II"). Count II concerns nothing more than a claim for injunctive and declaratory relief under the FCRA (*see* FAC ¶¶ 31-35), and Plaintiff is ineligible for such relief as a matter of law.[2] Pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, and in reliance on the wealth of authority cited below, CoreLogic respectfully requests that this

---

Rules of Civil Procedure. F.R.C.P. 12(c) ("after the pleadings are closed but within such time as not to delay the trial, any party may move for judgment on the pleadings"); *Jenkins v. Livonia Police Dept.*, No. 13-14489, 2016 WL 759338, at *2 (E.D. Mich. Feb. 26, 2016) ("Since the Motion was filed after the Answer, the Court evaluated this motion under Rule 12(c).") (citing *McGlone v. Bell*, 681 F.3d 718, 728 n.2 (6th Cir. 2012) ("The district court, using its discretion to address substance over form, treated [d]efendants' motion to dismiss as a 12(c) motion for judgment on the pleadings.")).

[2] Additionally, Plaintiff has failed to bring a claim against additional necessary and proper parties, such as the State of Michigan, which published the allegedly inaccurate information.

Court grant the instant Motion and dismiss Count II of the FAC with prejudice, along with Plaintiff's corresponding prayer for injunctive and declaratory relief under the FCRA.

**2.   PLAINTIFF'S REQUESTS FOR EQUITABLE RELIEF HAVE NO LEGAL BASIS**

Rule 12(b)(6) of the Federal Rules of Civil Procedure allows a Court to dismiss any claim to relief that is not plausible on its face. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). In analyzing the challenged claim to relief, the Court must construe the complaint in favor of the plaintiff, accepting as true all allegations in the complaint with the exception of legal conclusions. *Id.* at 678.[3] As discussed further below, Plaintiff's allegations in Count II of the FAC fail to state a plausible claim for relief as a matter of law and should be dismissed.

In the FAC, Plaintiff alleges that injunctive and declaratory relief are available to him as a private litigant under the FCRA. *See* FAC ¶¶ 31-35. In support, Plaintiff cites a lone case, *Califano v. Yamasaki*, which does not contain a single reference to the FCRA. 442 U.S. 682 (1979); *see* FAC ¶ 32. This Court and several others have unequivocally held that private litigants cannot obtain injunctive or declaratory relief under the FCRA. *See Washington v. CSC Credit*

---

[3] A motion for judgment on the pleadings brought under Rule 12(c) of the Federal Rules of Civil Procedure is analyzed under the same standard. *See Sensations, Inc. v. City of Grand Rapids*, 526 F.3d 291, 295 (6th Cir. 2008); *see also EEOC v. J H Routh Packing*, 246 F.3d 850, 851 (6th Cir. 2001).

*Servs.*, 199 F.3d 263, 268-69 (5th Cir. 2000) ("Congress vested the power to obtain injunctive relief solely with the FTC," and a grant of declaratory relief—to later serve as a basis for injunctive relief—would "frustrate the FCRA's limitation of injunctive relief to the FTC."); *Kaplan v. Experian, Inc.*, 2010 WL 2163824, *4 (E.D. Mich. 2010) ("Experian contends that a private litigant cannot obtain injunctive relief under the FCRA. The Court agrees.") (citing *Khalil v. Transunion, LLC*, 2009 WL 804165 (E.D. Mich. 2009)); *Presley v. Equifax Credit Info. Servs.*, 2006 WL 2457978 (E.D. Ky. 2006)); *Albert v. Trans Union Corp.*, 346 F.3d 734, 739-40 (7th Cir. 2003) (upholding district court's ruling that injunctive relief was unavailable under the FCRA); *Domonoske v. Bank of America, N.A.*, 2010 WL 329961 (W.D. Va. 2010) (denying approval, even preliminarily, of proposed settlement providing for injunctive relief as contrary to law); *Ditty v. CheckRite, Ltd.*, 973 F.Supp. 1320, 1338 (D. Utah 1997); *Mangio v. Equifax, Inc.*, 887 F.Supp. 283, 284-85 (S.D. Fla. 1995); *Kekich v. Travelers Indem. Co.*, 64 F.R.D. 660, 668 (W.D. Pa. 1974).

Even when construed in favor of Plaintiff, Count II must be dismissed due to the overwhelming authority from this Circuit and myriad other federal courts that have determined that private litigants are not entitled to obtain—and courts are not empowered to award—injunctive or declaratory relief under the FCRA. *See Bumgardner v. Lite Cellular, Inc.*, 996 F.Supp. 525, 526-27 (E.D. Va. 1998)

(denying plaintiff's motion for injunctive relief because the Court lacked the power to grant a private litigant's request for injunctive relief under the FCRA). Accordingly, this Court should dismiss Count II from Plaintiff's FAC, along with Plaintiff's corresponding prayer for injunctive and declaratory relief.

3. **CERTIFICATION OF COMPLIANCE WITH LOCAL RULE 7.1(a)**

On February 28, 2018, pursuant to Local Rule 7.1(a) of the Eastern District of Michigan, the undersigned conferred with Plaintiff's counsel on this motion, explained the nature of the motion and its legal basis, and was unable to obtain concurrence in the relief sought.

4. **CONCLUSION**

For the reasons set forth above, CoreLogic respectfully requests that this Court grant the instant Motion and dismiss Count II of Plaintiff's FAC, along with Plaintiff's corresponding prayer for injunctive and declaratory relief.

Dated: March 2, 2018    Respectfully submitted,

**FOLEY & LARDNER LLP**

/s/ Jeffrey S. Kopp
Jeffrey S. Kopp (P59485)
500 Woodward Avenue, Suite 2700
Detroit, MI  48226
(313) 234-7100
(313) 234-2800 fax
jkopp@foley.com
*Attorneys for Defendant CoreLogic Rental Property Solutions, LLC*

5

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing was served on all counsel of record via filing with the court's CM/ECF service this 2nd day of March 2018.

/s/ Jeffrey S. Kopp
Jeffrey S. Kopp