UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

RANDY CLEARY,

    Plaintiff,                                                      Civil Action No. 17-CV-14158

vs.                                                            HON. BERNARD A. FRIEDMAN

CORELOGIC RENTAL
PROPERTY SOLUTIONS, LLC,

    Defendant.
_____/

**OPINION AND ORDER DENYING DEFENDANT'S
MOTION TO DISMISS WITHOUT PREJUDICE**

This matter is presently before the Court on defendant's motion to dismiss Count II of plaintiff's amended complaint [docket entry 13]. Plaintiff has filed a response in opposition. Pursuant to E.D. Mich. LR 7.1(f)(2), the Court shall decide this motion without a hearing.

Plaintiff has brought this action under the Fair Credit Reporting Act ("FCRA), 15 U.S.C. § 1681. Plaintiff alleges that he was denied housing by a third party based on a consumer report furnished by defendant that contained inaccurate criminal history information. In Count I, plaintiff seeks damages for defendant's negligent or willful violation of FCRA. In Count II, plaintiff requests that the Court "declare his rights relative to the accuracy of the disputed criminal history information" and "issue its injunction barring further publication of the disputed information." Am. Compl. ¶¶ 34-35.

In the instant motion, defendant seeks dismissal of Count II on the grounds that "private litigants cannot obtain injunctive or declaratory relief under the FCRA." Def.'s Br. at 3. In response, plaintiff acknowledges that while this is the "current majority rule," there is authority to the contrary. Pl.'s Resp. Br. at 6-7 & nn. 3-4. The majority rule was articulated by the Fifth

Circuit in *Washington v. CSC Credit Servs., Inc.*, 199 F.3d 263 (5th Cir. 2000). In *Beaudry v. TeleCheck Servs., Inc.*, 579 F.3d 702 (6th Cir. 2009), the Sixth Circuit questioned the Fifth Circuit's reasoning but did not hold that injunctive relief is available to a private litigant under the FCRA. Other judges in this district have followed *Washington*, *see, e.g., Greear v. Equifax Info. Servs.*, LLC, 2014 WL 3809475, at *2 (E.D. Mich. Aug. 1, 2014)*; Kaplan v. Experian, Inc.*, 2010 WL 2163824, at *4 (E.D. Mich. May 26, 2010); *Khalil v. Transunion, LLC*, 2009 WL 804165, at *1 (E.D. Mich. Mar. 25, 2009), as have judges in other districts within the Sixth Circuit. *See, e.g., Baker v. JP Morgan Chase Bank, N.A.*, 2017 WL 2264112, at *2 (M.D. Tenn. May 23, 2017)*; Huff v. Telecheck Servs., Inc.*, 2015 WL 136303, *1 (M.D. Tenn. Jan. 9, 2015); *Presley v. Equifax Credit Info. Servs.*, 2006 WL 2457978 (E.D. Ky. 2006).

While the weight of authority clearly appears to favor defendant, the Court need not decide at this time whether a plaintiff who sues under the FCRA may obtain equitable or declaratory relief in addition to damages. To be entitled to any relief – be it legal, equitable, or declaratory – plaintiff must first established that defendant violated the FCRA. If he succeeds in doing so, either by motion or at trial, defendant may renew its motion at that time. But at this early stage of the case, defendant's motion is premature and in effect seeks an advisory opinion, which the Court may not render. Accordingly,

IT IS ORDERED that defendant's motion to dismiss is denied without prejudice.

Dated: April 16, 2018       s/Bernard A. Friedman
Detroit, Michigan      BERNARD A. FRIEDMAN
     SENIOR UNITED STATES DISTRICT JUDGE

## **CERTIFICATE OF SERVICE**

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on April 16, 2018.

s/Johnetta M. Curry-Williams
Case Manager
