## Ian Lyngklip

| | |
|---|---|
| **From:** | JAtallah@foley.com |
| **Sent:** | Monday, November 05, 2018 11:09 PM |
| **To:** | Sylvia Bolos; JKopp@foley.com |
| **Cc:** | Ian Lyngklip; Clawson@foley.com |
| **Subject:** | RE: Cleary v CoreLogic -- Meet & Confer re Noncomplying Disclosures and CoreLogic's unilateral cancellation of the 30(b)(6) |

Sylvia,

I was out of the office most of today on another matter.  Per my email this morning, we are working diligently with our client to identify the appropriate witness(es) based on Plaintiff's overly broad and largely irrelevant set of 73 deposition topics, and we will advise on availability as soon as we are able.  We are additionally working with our client to amend CoreLogic's previously served initial disclosures and will serve them as soon as they are ready.

We see no basis in the Federal Rules of Civil Procedure, nor in this Court's Local Rules, for your requests that CoreLogic stipulate to artificial deadlines, particularly where the parties are not up against an impending discovery cutoff.  We are nonetheless committed to working with you to resolve the issues you have identified and to keep the discovery process moving.

John

**John J. Atallah**

Foley & Lardner LLP
555 South Flower Street | Suite 3300
Los Angeles, CA 90071-2411
Direct: 213.972.4834
Fax: 213.486.0065

View My Bio



**From:** Sylvia Bolos [mailto:SylviaB@MichiganConsumerLaw.com]
**Sent:** Monday, November 05, 2018 12:19 PM
**To:** Atallah, John J. <JAtallah@foley.com>; Kopp, Jeff <JKopp@foley.com>
**Cc:** Ian Lyngklip <ian@MichiganConsumerLaw.com>
**Subject:** Cleary v CoreLogic -- Meet & Confer re Noncomplying Disclosures and CoreLogic's unilateral cancellation of the 30(b)(6)

John,

I called and left you a voicemail just now.  I was calling to meet & confer regarding CoreLogic's noncomplying disclosures and also to meet & confer regarding CoreLogic's unilateral cancellation of tomorrow's noticed 30(b)(6) deposition.  I have attached two proposed stipulated orders to resolve the matter.

1. I am asking you to stipulate to serve conforming Rule 26 Disclosures by November 7, 2018.  This should not be a challenge considering you represented to me last week that you had already prepared amended disclosures and were just awaiting client authority.

2. In light of your unilateral cancellation today of tomorrow's deposition of CoreLogic's 30(b)(6) witness, I am asking you to stipulate to producing a witness for deposition on any of the following dates:
    a. November 9, 2018
    b. November 19, 2018
    c. November 20, 2018
    d. November 27, 2018
    e. November 28, 2018

We can discuss whether the deposition will be handled by video-conference or whether we'll personally appear, once you stipulate to the date and you identify your witness's city.  This email will serve as our good-faith attempt to meet & confer with you, if you do not stipulate to each of these requests by close of business today, we will seek resolution through the Court.


Thank you,

Sylvia Bolos




**SYLVIA BOLOS** *Attorney*
**Lyngklip & Associates Consumer Law Center, PLC**
**Email:** SylviaB@MichiganConsumerLaw.com  **Phone:** (248) 208-8864
24500 Northwestern Hwy #206, Southfield, MI 48075  (map)
**MichiganConsumerLaw.com | Vcard**


The preceding email message may be confidential or protected by the attorney-client or work-product privileges. It is not intended for transmission to, or receipt by, any unauthorized persons. If you have received this message in error, please (i) do not read it, (ii) reply to the sender that you received the message in error, and (iii) erase or destroy the message and any attachments or copies. Any disclosure, copying, distribution or reliance on the contents of this message or its attachments is strictly prohibited, and may be unlawful. Unintended transmission does not constitute waiver of the attorney-client privilege or any other privilege. Legal advice contained in the preceding message is solely for the benefit of the Foley & Lardner LLP client(s) represented by the Firm in the particular matter that is the subject of this message, and may not be relied upon by any other party. Unless expressly stated otherwise, nothing contained in this message should be construed as a digital or electronic signature, nor is it intended to reflect an intention to make an agreement by electronic means.