UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | | |
|---|---|---|
| RANDY CLEARY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | Case No. 2:17-CV-14158-BAF-DRG |
| CORELOGIC RENTAL PROPERTY SOLUTIONS, LLC, | ) | |
| | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

**DECLARATION OF JOHN J. ATALLAH IN SUPPORT OF DEFENDANT CORELOGIC RENTAL PROPERTY SOLUTIONS, LLC'S MOTION FOR A PROTECTIVE ORDER**

**DECLARATION OF JOHN J. ATALLAH**

I, John J. Atallah, declare as follows:

1.      I am an attorney licensed to practice law in the State of California and before this Court.  I am an associate with the law firm of Foley & Lardner LLP, which is counsel of record for Defendant CoreLogic Rental Property Solutions, LLC ("CoreLogic") in this action.  I have personal knowledge of the facts set forth in this declaration and, if called as a witness, could and would testify truthfully and competently thereto.

2.      I submit this Declaration in support of CoreLogic's Motion for a Protective Order.

3.      On March 13 and 22, 2019, Plaintiff served Notices of Deposition for CoreLogic witnesses Robert Winkler, Angela Barnard, Naeem Kayani, Idrees Muhammad, Manny Cuevas, and Yianni Pantis.  True and correct copies of these Notices of Deposition are attached hereto as **Exhibits A and B**.

4.      CoreLogic produced Robert Winkler for deposition on March 13, 2019, Angela Barnard on March 14, 2019, and Manny Cuevas on March 15, 2019.

5.      On March 19, 2019, my colleague Christi Lawson and I participated with CoreLogic's counsel Ian Lyngklip and Sylvia Bolos in a telephonic meet and confer wherein Attorney Lawson and I indicated to Attorneys Lyngklip and Bolos that CoreLogic objected to producing its in-house legal counsel, Yianni Pantis, for deposition, on the grounds that Mr. Pantis serves the company only in his legal capacity and does not have any non-privileged information that would be relevant to Plaintiff's claims.

6.      During the meet and confer call, Attorneys Lyngklip and Bolos provided no legal justification for disregarding CoreLogic's attorney-client privilege related to the legal advice it receives from its counsel, and advised that they would email CoreLogic's counsel no later than the following Wednesday, March 27, to

2

indicate whether Plaintiff intended to move forward with the deposition of Mr. Pantis.

7.      On March 27, 2019, CoreLogic served written objections to Plaintiff's deposition notices, detailing CoreLogic's objections to Plaintiff's request to depose Yianni Pantis based upon its attorney-client privilege.  A true and correct copy of the Objection to Deposition Notice is attached hereto as **Exhibit C**.

8.      On March 27, 2019, I additionally emailed Attorneys Lyngklip and Bolos to indicate (consistent with our prior representations) that CoreLogic would make Idrees Muhammad available for deposition on April 5, 2019.

9.      Attorneys Lyngklip and Bolos did not respond to me or my colleagues on the promised date of March 27 to indicate whether or not Plaintiff intended to move forward with the deposition of Mr. Pantis.

10.     CoreLogic produced Naeem Kayani for deposition on March 29, 2019.

11.     On April 1, 2019, following CoreLogic's extensive efforts to schedule Idrees Muhammad's deposition, Plaintiff issued a notice of withdrawal of Mr. Muhammad's deposition notice without providing any further explanation.

12.     On April 1 and 3, 2019, I emailed Attorney Bolos once again to ask whether Plaintiff also intended to withdraw the deposition notice as to Yianni Pantis. A true and correct copy of those emails is attached hereto as **Exhibits D and E**. Attorney Bolos did not respond to either of my emails.

13.    On April 8, 2019, Attorney Bolos emailed me stating: "[W]e'd like to meet & confer regarding the noticed deposition. We've been asked repeatedly to withdraw that deposition notice, and we'd like to discuss it further." A true and correct copy of that email is attached hereto as **Exhibit F**.

14.    Attorney Lawson and I thereafter agreed with Attorneys Lyngklip and Bolos to convene a conference call at 2:30 PM Eastern on Wednesday, April 10, and Attorney Bolos circulated dial-in information for their conference line. A true and correct copy of that email is attached hereto as **Exhibit G**.

15.    On April 10, at the agreed-upon time, Attorney Lawson and I separately dialed in to the conference line from separate locations, and each of us was greeted with a recorded message that the phone number had changed.  Attorney Lawson and I each dialed the new number repeatedly, over the course of several minutes, only to receive busy signals.  Attorney Lawson immediately emailed Attorneys Bolos and Lyngklip to indicate there was a problem with the conference line. A true and correct copy of Attorney Lawson's email is attached hereto as **Exhibit H**.

16.    Attorney Bolos responded an hour later, taking issue with our supposed failure to dial into the conference line, and stating: "I intend to re-notice [the Yianni Pantis] deposition for April 22, 2019 if I haven't heard back from you with alternative dates by the end of the week." A true and correct copy of that email is attached hereto as **Exhibit I**.

17.　　CoreLogic took the deposition of Plaintiff Randy Cleary on January 30, 2019.　A true and correct copy of relevant excerpts from the transcript of Mr. Cleary's deposition is attached hereto as **Exhibit J**.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed this 18th day of April 2019 at Los Angeles, California.


　/s/ John J. Atallah
John J. Atallah

EXHIBIT A



**LYNGKLIP & ASSOCIATES**
CONSUMER LAW CENTER, PLC

**Ian B. Lyngklip**
Ian@MichiganConsumerLaw.com
**Sylvia Bolos**
SylviaB@MichiganConsumerLaw.com
*of Counsel* Julie A. Petrik & Gary M. Victor

24500 Northwestern Highway, Suite 206, Southfield, MI 48075 • 248-208-8864 • www.MichiganConsumerLaw.com

March 13, 2019

Jeffrey S. Kopp
Foley & Lardner, LLP
500 Woodward Ave., Ste. 2700
Detroit, MI 48226

John J. Atallah
Foley & Lardner, LLP
555 South Flower Street, Ste. 3300
Los Angeles, CA 90071

Re:   **Cleary v. CoreLogic Rental Property Solutions, LLC**
      **Eastern District of Michigan -- Southern Division**
      **Case No. 2:17-cv-14158-BAF-DRG**

Counsel:

Enclosed for filing please find the following:

- Re-Notice of Deposition
- Proof of Service

Enclosed please find a deposition re-notice for Ms. Barnard and Mr. Cuevas, conforming with the dates, times, and locations where you have agreed to produce them. We will be taking the depositions telephonically from Detroit, Michigan – please use the following dial-in credentials each day: (515) 739-1015 and 274-880-010. We have arranged for a court reporter to be in the room with the witness each day. We are still waiting for the deposition date from Mr. Kayani from your office but have noticed him for March 29, 2019. We have also noticed the depositions of Mr. Pantis and Mr. Muhammad for March 27, 2019 and March 28, 2019 respectively. We are also available on the following dates if those don't suit:

Alternative Date 1:   April 1, 2019
Alternative Date 2:   April 3, 2019
Alternative Date 3:   April 4, 2019

*We will be holding these dates as alternates, so please send your response no later than March 18, 2019.*

If none of those dates work, please provide 3 alternative dates for depositions to take place no later than April 5, 2019. If you foresee any difficulties or objections that we can resolve in advance of the deposition, please contact me so that we can work out any issues.

Very truly yours,

LYNGKLIP & ASSOCIATES
CONSUMER LAW CENTER, PLC

Sylvia S. Bolos
For the Firm

cc:    Randy Cleary

UNITED STATES DISTRICT COURT
IN THE EASTERN DISTRICT OF MICHIGAN -- SOUTHERN DIVISION

RANDY CLEARY,

     Plaintiff,

-vs-

                                       Case No. 2:17-CV-14158-BAF-DRG
                                       Hon. Bernard A. Friedman
CORELOGIC    RENTAL    PROPERTY           Magistrate Judge: David R. Grand
SOLUTIONS, LLC,

     Defendant.

## **NOTICE OF DEPOSITION**

Plaintiff will take depositions of the following entities or individuals.

1.     Managing agent for CoreLogic Rental Property Solutions, LLC ("CoreLogic") Angie Barnard.

| | |
|---|---|
| **DATE:** | 3/14/19 |
| **TIME:** | 1:00 pm ET |
| **LOCATION:** | Foley Lardner |
| | 3579 Valley Centre Dr. #300, San Diego, CA 92130 |
| **RECORDING:** | Steno |

2.     Managing agent for CoreLogic Rental Property Solutions, LLC ("CoreLogic") Manny Cuevas.

| | |
|---|---|
| **DATE:** | 3/15/19 |
| **TIME:** | 1:00 pm ET |
| **LOCATION:** | 245 Fischer Avenue, Unit D1, Costa Mesa CA 92626 |
| **RECORDING:** | Steno |

3.     VP & Government Affairs Counsel for CoreLogic Rental Property Solutions, LLC ("CoreLogic") Yianni Pantis.

| | |
|---|---|
| **DATE:** | 3/27/19 |

| | |
|---|---|
| **TIME:** | 1:00 pm ET |
| **LOCATION:** | Foley Lardner |
| | 3579 Valley Centre Dr. #300, San Diego, CA 92130 |
| **RECORDING:** | Steno |

4.      Head of Data Operation Supply Chain and Quality Assurance Executive for CoreLogic

Rental Property Solutions, LLC ("CoreLogic") Idrees Muhammad.

| | |
|---|---|
| **DATE:** | 3/28/19 |
| **TIME:** | 1:00 pm ET |
| **LOCATION:** | Foley Lardner |
| | 3579 Valley Centre Dr. #300, San Diego, CA 92130 |
| **RECORDING:** | Steno |

5.      Managing Agent for CoreLogic Rental Property Solutions, LLC ("CoreLogic") Naeem

Kayani.

| | |
|---|---|
| **DATE:** | 3/29/19 |
| **TIME:** | 1:00 pm ET |
| **LOCATION:** | Foley Lardner |
| | 3579 Valley Centre Dr. #300, San Diego, CA 92130 |
| **RECORDING:** | Steno |

Respectfully Submitted,

By
Sylvia S. Bolos P78715
Ian B. Lyngklip P47173
LYNGKLIP & ASSOCIATES
CONSUMER LAW CENTER, PLC
Attorney for Randy Cleary
24500 Northwestern Highway, Ste. 206
Southfield, MI 48075
(248) 208-8864
SylviaB@MichiganConsumerLaw.com

Dated: March 13, 2019

## Certificate of Service

I certify that on March 13, 2019, I served this document on the following parties by the means indicated:

| Party | Manner |
| --- | --- |
| Jeffrey S. Kopp<br>Foley & Lardner, LLP<br>500 Woodward Ave., Ste. 2700<br>Detroit, MI  48226 | Via Electronic Mail: jkopp@foley.com |

Respectfully Submitted,

By:

Sylvia S. Bolos P78715
Ian B. Lyngklip P47173
LYNGKLIP & ASSOCIATES
CONSUMER LAW CENTER, PLC
Attorney for Randy Cleary
24500 Northwestern Highway, Ste. 206
Southfield, MI 48075
(248) 208-8864
SylviaB@MichiganConsumerLaw.com

Dated: March 13, 2019

5

# EXHIBIT B



**LYNGKLIP & ASSOCIATES**
CONSUMER LAW CENTER, PLC

**Ian B. Lyngklip**
Ian@MichiganConsumerLaw.com
**Sylvia Bolos**
SylviaB@MichiganConsumerLaw.com
*of Counsel* Julie A. Petrik & Gary M. Victor

---

24500 Northwestern Highway, Suite 206, Southfield, MI 48075 • 248-208-8864 • www.MichiganConsumerLaw.com

March 22, 2019

Jeffrey S. Kopp
Foley & Lardner, LLP
500 Woodward Ave., Ste. 2700
Detroit, MI 48226

John J. Atallah
Foley & Lardner, LLP
555 South Flower Street, Ste. 3300
Los Angeles, CA 90071

Re:   **Cleary v. CoreLogic Rental Property Solutions, LLC**
      **Eastern District of Michigan -- Southern Division**
      **Case No. 2:17-cv-14158-BAF-DRG**

Counsel:

Enclosed please find a proof of service and deposition re-notice for Mr. Kayani, conforming with the date, time, and location where you have agreed to produce him. We will be taking the deposition telephonically from Detroit, Michigan – please use the following dial-in credentials each day: (515) 739-1015 and 274-880-010. We have arranged for a court reporter to be in the room with the witness.

We are still waiting for confirmation of Mr. Muhammad's deposition as previously noticed (March 28) and expect to have a follow up discussion about Mr. Pantis' deposition as well on March 27, 2019. If you foresee any difficulties or objections that we can resolve in advance of the deposition, please contact me so that we can work out any issues.

Very truly yours,

LYNGKLIP & ASSOCIATES
CONSUMER LAW CENTER, PLC

Sylvia S. Bolos,
For the Firm

cc:   Randy Cleary

UNITED STATES DISTRICT COURT
IN THE EASTERN DISTRICT OF MICHIGAN -- SOUTHERN DIVISION

RANDY CLEARY,

      Plaintiff,

-vs-

                        Case No. 2:17-CV-14158-BAF-DRG
                        Hon. Bernard A. Friedman
                        Magistrate Judge: David R. Grand

CORELOGIC   RENTAL   PROPERTY
SOLUTIONS, LLC,

      Defendant.

## **NOTICE OF DEPOSITION**

Plaintiff will take depositions of the following entities or individuals.

1. Managing Agent for CoreLogic Rental Property Solutions, LLC ("CoreLogic") Naeem Kayani.

|  |  |
|---|---|
| **DATE:** | 3/29/19 |
| **TIME:** | 1:00 pm ET |
| **LOCATION:** | Foley Lardner |
|  | 2021 McKinney Avenue, Suite 1600, Dallas TX 75201 |
| **RECORDING:** | Steno |

Respectfully Submitted,

By:
Sylvia S. Bolos P78715
Ian B. Lyngklip P47173
LYNGKLIP & ASSOCIATES
CONSUMER LAW CENTER, PLC
Attorney for Randy Cleary
24500 Northwestern Highway, Ste. 206
Southfield, MI 48075
(248) 208-8864
SylviaB@MichiganConsumerLaw.com

Dated: March 22, 2019

**Certificate of Service**

I certify that on March 22, 2019, I served this document on the following parties by the means indicated:

| Party | Manner |
|-------|--------|
| Jeffrey S. Kopp<br>Foley & Lardner, LLP<br>500 Woodward Ave., Ste. 2700<br>Detroit, MI 48226 | Via Electronic Mail: jkopp@foley.com |

Respectfully Submitted,

By:
Sylvia S. Bolos P78715
Ian B. Lyngklip P47173
LYNGKLIP & ASSOCIATES
CONSUMER LAW CENTER, PLC
Attorney for Randy Cleary
24500 Northwestern Highway, Ste. 206
Southfield, MI 48075
(248) 208-8864
SylviaB@MichiganConsumerLaw.com

Dated: March 22, 2019

3

# EXHIBIT C

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | | |
|---|---|---|
| RANDY CLEARY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. 2:17-CV-14158-BAF-DRG |
| | ) | Hon. Bernard A. Friedman |
| CORELOGIC RENTAL PROPERTY | ) | Magistrate Judge: David R. Grand |
| SOLUTIONS, LLC, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

## DEFENDANT CORELOGIC RENTAL PROPERTY SOLUTIONS, LLC'S OBJECTIONS TO PLAINTIFF'S NOTICES OF DEPOSITION

Pursuant to Rules 26 and 30 of the Federal Rules of Civil Procedure, Defendant CoreLogic Rental Property Solutions, LLC ("CoreLogic"), by and through its counsel of record, hereby objects to Plaintiff Randy Cleary's ("Plaintiff") Notices of Deposition of Naeem Kayani, Idrees Muhammad, Yianni Pantis, Angela Barnard, and Manny Cuevas served by Plaintiff via email on March 13 and March 22, 2019 (the "Deposition Notices").

## GENERAL OBJECTIONS

The following general objections are made to the Deposition Notices in their entirety. Each of the objections is hereby incorporated by reference into the Statement of Objections set forth below.

A.      CoreLogic objects to the Deposition Notices on the grounds that Plaintiff's attempt to depose multiple CoreLogic employees, two of whom were not designated by CoreLogic as trial witnesses, on an impermissibly broad and irrelevant subject matter, far exceeds the scope of permissible discovery under Rule 26 of the Federal Rules of Civil Procedure.  To date, the vast bulk of Plaintiff's examination of CoreLogic witnesses in deposition has sought information with no bearing whatsoever on Plaintiff's claims, nor has it been calculated to lead to the discovery of admissible evidence.  Indeed, Plaintiff's questioning has been wholly irrelevant to the disposition of this case.

B.      CoreLogic objects to the Deposition Notices on the grounds that they seek confidential and proprietary information, as well as information that is protected from disclosure by third-party rights to privacy and/or is required by law, custom, contract, or other reason to be maintained as confidential.

C.      CoreLogic objects to the Deposition Notices on the grounds that they are overbroad and impose and undue burden on CoreLogic.

D.      CoreLogic objects to the extent the Deposition Notices seek testimony protected by the attorney-client privileged and/or attorney work product doctrine.

E.      CoreLogic reserves the right to assert additional objections before, during, and after any deposition that may later proceed in connection with the Deposition Notices.

4825-0599-2331.1

## STATEMENT OF OBJECTIONS

Plaintiff wishes to depose individuals who have no personal knowledge of this matter on issues that are not relevant to Plaintiff's claims, and these depositions are entirely disproportionate to Plaintiff's needs for this case.  Plaintiff continues to pursue his fishing expedition, and the cost and burden of discovery of has far surpassed any possible liability in this matter, which CoreLogic believes to be none.

Under the Federal Rules, Plaintiff is only entitled to discovery regarding any non-privileged matter that is relevant to any party's claim or defense and proportional to the needs of the case. Fed. R. Civ. P. 26(b)(1).  One of the factors to be considered is "whether the burden or expense of the proposed discovery outweighs its likely benefit." *Id.*  Plaintiff's Notices of Deposition seek irrelevant, and to a significant extent privileged, information.  CoreLogic therefore objects to the extent Plaintiff continues to seek irrelevant information through the depositions of several CoreLogic employees.

Pursuant to the Deposition Notices, and preserving all objections, CoreLogic produced Manny Cuevas for deposition on the March 15, 2019.  Plaintiff's counsel closed Mr. Cuevas' deposition after an hour of testimony and now seeks to depose Idrees Muhammad, whom CoreLogic has not designated as a trial witness, on the very same subject matter on which Mr. Cuevas testified.  Plaintiff additionally seeks

3

to depose Naeem Kayani on an unknown selection of topics that likely have no bearing whatsoever on Plaintiff's claims.

CoreLogic additionally objects to Plaintiff's attempt to notice the deposition of Yianni Pantis, who is CoreLogic's in-house legal counsel. Plaintiff's request to depose Mr. Pantis is unduly burdensome and prejudicial. Mr. Pantis is legal counsel for CoreLogic and serves only in his legal capacity. Like the other named deponents, Mr. Pantis has no personal knowledge regarding Plaintiff's claims. As counsel for CoreLogic has explained to Plaintiff's counsel in extended meet and confer communications, any involvement Mr. Pantis may have had in matters potentially relevant to the subject matter of this lawsuit would be entirely privileged. Mr. Pantis does not have any non-privileged information that would be relevant to Plaintiff's claims. Accordingly, CoreLogic objects on the basis of privileged and will not produce Mr. Pantis for deposition.

It is clear that Plaintiff is going on a fishing expedition. Despite the fact that Plaintiff never previously disputed his consumer report with CoreLogic, Plaintiff has served first-party and third-party discovery that is harassing in volume and scope. Specifically, Plaintiff served subpoenas on three Better Business Bureau entities, three state attorneys general, and the federal Consumer Financial Protection Bureau, seeking records reflecting unrelated complaints initiated against CoreLogic. Plaintiff further subpoenaed Brighton Sylvan Glen Estates and noticed the

4

depositions of the persons most knowledgeable for the Michigan State Police, Michigan Department of Corrections, and Wayne County Clerk's Office, as well as CoreLogic's representative most qualified on 33 topics and 40 sub-topics. Plaintiff has already deposed CoreLogic's representative most qualified, Brighton Sylvan Glen Estate's person most knowledgeable, and three CoreLogic employees: Robert Winkler, Angie Barnard, and Manny Cuevas. Considering the modest needs of the case, Plaintiff's continued deposition notices are disproportional at best and harassment at worst.

In addition to seeking irrelevant information, Plaintiff need not depose these individuals because Plaintiff has already conceded that he has no damages in this case. In his deposition, Plaintiff admitted that he was approved to live in Brighton Sylvan Glen Estates *three days* after he submitted his application. Cleary Dep. 78:19-23, ("Q: And after you – so just so I understand, so three days after you applied first to move to the Brighton Sylvan Glen Estates, you were approved to live in the community, is that right? A: Correct."). He moved in on the same date he had originally intended. *Id.* at 64:8-10 ("Q: There wasn't any plan to move prior to May when you were there filling out the application, correct? A: Correct."). Plaintiff cannot recover under any theory for CoreLogic's accurate reporting of public record information with which Plaintiff was intimately familiar, by his own admission, at the time of his application with Brighton.

5

Throughout discovery, Plaintiff has harassed CoreLogic with irrelevant and overbroad requests, unnecessary motions to compel, and threats of frivolous depositions. Plaintiff admitted in his deposition that he has no damages. The cost and burden of discovery requested by Plaintiff has far outweighed any benefit for the parties. CoreLogic therefore asserts these objections and further requests that Plaintiff withdraw his Notice of Deposition as to Yianni Pantis.  If Plaintiff refuses, CoreLogic plans to pursue a motion for a protective order with the Court.

As has already been communicated to Plaintiff's counsel, CoreLogic will produce Naeem Kayani for deposition on March 29, 2019 at the noticed time and place.  CoreLogic will additionally produce Idrees Muhammad for deposition on April 5, 2019 at a mutually agreeable time and location.

//

//

//

//

//

//

//

//

//

6

Dated: March 27, 2019                    Respectfully submitted,


                                         **FOLEY & LARDNER LLP**

                                         */s/       Jeffrey S. Kopp*
                                         Jeffrey S. Kopp (P59485)
                                         Christi A. Lawson (admitted *pro hac vice*)
                                         John J. Atallah (admitted *pro hac vice*)
                                         500 Woodward Avenue, Suite 2700
                                         Detroit, MI  48226
                                         (313) 234-7100
                                         (313) 234-2800 fax
                                         jkopp@foley.com
                                         clawson@foley.com
                                         jatallah@foley.com

                                         *Attorneys for Defendant CoreLogic Rental*
                                         *Property Solutions, LLC*

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that I served the foregoing document described as **DEFENDANT CORELOGIC RENTAL PROPERTY SOLUTIONS, LLC'S OBJECTIONS TO PLAINTIFF'S NOTICES OF DEPOSITION** via U.S. mail and email to counsel of record for Plaintiff Randy Cleary, as follows:

Ian Lyngklip and Sylvia Bolos
LYNGKLIP & ASSOCIATES CONSUMER LAW CENTER, PLC
24500 Northwestern Highway, Suite 206
Southfield, MI 48075
T: (248) 208-8864
ian@michiganconsumerlaw.com
sylviab@michiganconsumerlaw.com

Dated: March 27, 2019

/s/     *John J. Atallah*
John J. Atallah

EXHIBIT D

**Atallah, John J.**

| | |
|---|---|
| **From:** | Atallah, John J. |
| **Sent:** | Monday, April 1, 2019 3:44 PM |
| **To:** | 'Sylvia Bolos'; Kopp, Jeff; Lawson, Christi A. |
| **Cc:** | Ian Lyngklip; Laura Branco |
| **Subject:** | RE: Cleary v CoreLogic -- Withdrawal of Deposition Notice, Idrees Muhammad |

Sylvia,

Thank you for confirming.  Are you also withdrawing the deposition notice for Yianni Pantis?

John

John J. Atallah

Foley & Lardner LLP
555 South Flower Street | Suite 3300
Los Angeles, CA 90071-2411
Direct: 213.972.4834
Fax: 213.486.0065

View My Bio



---

**From:** Sylvia Bolos <SylviaB@MichiganConsumerLaw.com>
**Sent:** Monday, April 1, 2019 12:48 PM
**To:** Atallah, John J. <JAtallah@foley.com>; Kopp, Jeff <JKopp@foley.com>; Lawson, Christi A. <Clawson@foley.com>
**Cc:** Ian Lyngklip <ian@MichiganConsumerLaw.com>; Laura Branco <Laura@MichiganConsumerLaw.com>
**Subject:** RE: Cleary v CoreLogic -- Withdrawal of Deposition Notice, Idrees Muhammad

**\*\* EXTERNAL EMAIL MESSAGE \*\***
John,

A hard copy notice of withdrawal of Muhammad.

Sylvia

---

**From:** JAtallah@foley.com <JAtallah@foley.com>
**Sent:** Monday, April 01, 2019 3:45 PM
**To:** Sylvia Bolos <SylviaB@MichiganConsumerLaw.com>; JKopp@foley.com; Clawson@foley.com
**Cc:** Ian Lyngklip <ian@MichiganConsumerLaw.com>; Laura Branco <Laura@MichiganConsumerLaw.com>
**Subject:** RE: Cleary v CoreLogic -- Withdrawal of Deposition Notice, Idrees Muhammad

Sylvia,

Does this mean you are issuing a hard copy notice of withdrawal, or that you intend to issue a new deposition notice tomorrow?

John

John J. Atallah

Foley & Lardner LLP
555 South Flower Street | Suite 3300
Los Angeles, CA 90071-2411
Direct: 213.972.4834
Fax: 213.486.0065

View My Bio



---

**From:** Sylvia Bolos <SylviaB@MichiganConsumerLaw.com>
**Sent:** Monday, April 1, 2019 12:42 PM
**To:** Kopp, Jeff <JKopp@foley.com>; Atallah, John J. <JAtallah@foley.com>; Lawson, Christi A. <Clawson@foley.com>
**Cc:** Ian Lyngklip <ian@MichiganConsumerLaw.com>; Laura Branco <Laura@MichiganConsumerLaw.com>
**Subject:** Cleary v CoreLogic -- Withdrawal of Deposition Notice, Idrees Muhammad

**\*\* EXTERNAL EMAIL MESSAGE \*\***
Counsel,

We're withdrawing the deposition notice for Idrees Muhammad.

We'll send a hardcopy notice tomorrow.


Thanks,

Sylvia Bolos




**SYLVIA BOLOS** *Attorney*
**Lyngklip & Associates Consumer Law Center, PLC**
**Email:** SylviaB@MichiganConsumerLaw.com  **Phone:** (248) 208-8864
24500 Northwestern Hwy #206, Southfield, MI 48075  (map)
**MichiganConsumerLaw.com | Vcard**



2

The preceding email message may be confidential or protected by the attorney-client or work-product privileges. It is not intended for transmission to, or receipt by, any unauthorized persons. If you have received this message in error, please (i) do not read it, (ii) reply to the sender that you received the message in error, and (iii) erase or destroy the message and any attachments or copies. Any disclosure, copying, distribution or reliance on the contents of this message or its attachments is strictly prohibited, and may be unlawful. Unintended transmission does not constitute waiver of the attorney-client privilege or any other privilege. Legal advice contained in the preceding message is solely for the benefit of the Foley & Lardner LLP client(s) represented by the Firm in the particular matter that is the subject of this message, and may not be relied upon by any other party. Unless expressly stated otherwise, nothing contained in this message should be construed as a digital or electronic signature, nor is it intended to reflect an intention to make an agreement by electronic means.

EXHIBIT E

**Atallah, John J.**

| | |
|---|---|
| **From:** | Atallah, John J. |
| **Sent:** | Wednesday, April 3, 2019 11:08 AM |
| **To:** | 'Sylvia Bolos' |
| **Cc:** | Kopp, Jeff; Lawson, Christi A.; Ian Lyngklip |
| **Subject:** | RE: Cleary v CoreLogic -- Iron Mountain |

Sylvia,

Thank you for your message.  Given the length of time since the CD was archived, it is taking CoreLogic and Iron Mountain a bit longer than expected to track it down.  I am informed that we should have a further update for you by the end of this week.

In the meantime, could you please confirm that Plaintiff is withdrawing the notice of deposition of Yianni Pantis?  I believe you and Ian were going to inform us of your decision in that regard no later than last Wednesday, March 27.

Thanks,

John

John J. Atallah

Foley & Lardner LLP
555 South Flower Street | Suite 3300
Los Angeles, CA 90071-2411
Direct: 213.972.4834
Fax: 213.486.0065

View My Bio



---

**From:** Sylvia Bolos <SylviaB@MichiganConsumerLaw.com>
**Sent:** Wednesday, April 3, 2019 10:19 AM
**To:** Atallah, John J. <JAtallah@foley.com>
**Cc:** Kopp, Jeff <JKopp@foley.com>; Lawson, Christi A. <Clawson@foley.com>; Ian Lyngklip <ian@MichiganConsumerLaw.com>
**Subject:** Cleary v CoreLogic -- Iron Mountain

**\*\* EXTERNAL EMAIL MESSAGE \*\***

John,

I'm following up on our request for confirmation that Iron Mountain has the original data file (CD-ROM) Corelogic received in response to the FOIA. What is the status?

Thank you,

Sylvia Bolos



**SYLVIA BOLOS** *Attorney*
**Lyngklip & Associates Consumer Law Center, PLC**
**Email:** SylviaB@MichiganConsumerLaw.com  **Phone:** (248) 208-8864
24500 Northwestern Hwy #206, Southfield, MI 48075  (map)
**MichiganConsumerLaw.com | Vcard**



EXHIBIT F

**Atallah, John J.**

| | |
|---|---|
| **From:** | Sylvia Bolos <SylviaB@MichiganConsumerLaw.com> |
| **Sent:** | Monday, April 8, 2019 6:40 AM |
| **To:** | Lawson, Christi A.; Atallah, John J.; Kopp, Jeff |
| **Cc:** | Ian Lyngklip; Laura Branco |
| **Subject:** | RE: Cleary v CoreLogic -- Withdrawal of Deposition Notice, Idrees Muhammad |

**\*\* EXTERNAL EMAIL MESSAGE \*\***

Christie,

I understand that you are tied up, but we'd like to meet & confer regarding the noticed deposition. We've been asked repeatedly to withdraw that deposition notice, and we'd like to discuss it further.

What is the earliest that anyone on the CoreLogic team can get on the phone?  Please offer the earliest available date & time this week.


Thank you,

Sylvia Bolos


**From:** Clawson@foley.com <Clawson@foley.com>
**Sent:** Monday, April 08, 2019 9:35 AM
**To:** Sylvia Bolos <SylviaB@MichiganConsumerLaw.com>; JAtallah@foley.com; JKopp@foley.com
**Cc:** Ian Lyngklip <ian@MichiganConsumerLaw.com>; Laura Branco <Laura@MichiganConsumerLaw.com>
**Subject:** RE: Cleary v CoreLogic -- Withdrawal of Deposition Notice, Idrees Muhammad

I'm completely tied up until at least Wednesday.  However, I'm not sure what more there is to discuss after our last meet and confer by telephone, and then we provided our written objections.  Yianni Pantis is in-house counsel and acts solely in his legal capacity.  Thus, any guidance he provided the business is covered by the work-product doctrine and the attorney-client privilege.  CoreLogic Rental Property Solutions maintains its objections on that basis.

*Christi A. Lawson*
Foley & Lardner LLP
111 N. Orange Ave., Ste. 1800
Orlando, FL 32801-2386
clawson@foley.com
407-244-3235

**From:** Sylvia Bolos <SylviaB@MichiganConsumerLaw.com>
**Sent:** Monday, April 8, 2019 8:33 AM
**To:** Atallah, John J. <JAtallah@foley.com>; Kopp, Jeff <JKopp@foley.com>; Lawson, Christi A. <Clawson@foley.com>
**Cc:** Ian Lyngklip <ian@MichiganConsumerLaw.com>; Laura Branco <Laura@MichiganConsumerLaw.com>
**Subject:** RE: Cleary v CoreLogic -- Withdrawal of Deposition Notice, Idrees Muhammad

**\*\* EXTERNAL EMAIL MESSAGE \*\***

John,

We'd like to meet & confer to discuss the Yianni Pantis deposition – are you, Jeff, or Christie available today at 2pm EST?

Thank you,

Sylvia Bolos

---

**From:** JAtallah@foley.com <JAtallah@foley.com>
**Sent:** Monday, April 01, 2019 6:44 PM
**To:** Sylvia Bolos <SylviaB@MichiganConsumerLaw.com>; JKopp@foley.com; Clawson@foley.com
**Cc:** Ian Lyngklip <ian@MichiganConsumerLaw.com>; Laura Branco <Laura@MichiganConsumerLaw.com>
**Subject:** RE: Cleary v CoreLogic -- Withdrawal of Deposition Notice, Idrees Muhammad

Sylvia,

Thank you for confirming.  Are you also withdrawing the deposition notice for Yianni Pantis?

John

John J. Atallah

Foley & Lardner LLP
555 South Flower Street | Suite 3300
Los Angeles, CA 90071-2411
Direct: 213.972.4834
Fax: 213.486.0065

View My Bio



---

**From:** Sylvia Bolos <SylviaB@MichiganConsumerLaw.com>
**Sent:** Monday, April 1, 2019 12:48 PM
**To:** Atallah, John J. <JAtallah@foley.com>; Kopp, Jeff <JKopp@foley.com>; Lawson, Christi A. <Clawson@foley.com>
**Cc:** Ian Lyngklip <ian@MichiganConsumerLaw.com>; Laura Branco <Laura@MichiganConsumerLaw.com>
**Subject:** RE: Cleary v CoreLogic -- Withdrawal of Deposition Notice, Idrees Muhammad

**\*\* EXTERNAL EMAIL MESSAGE \*\***

John,

A hard copy notice of withdrawal of Muhammad.

Sylvia

**From:** JAtallah@foley.com <JAtallah@foley.com>
**Sent:** Monday, April 01, 2019 3:45 PM
**To:** Sylvia Bolos <SylviaB@MichiganConsumerLaw.com>; JKopp@foley.com; Clawson@foley.com
**Cc:** Ian Lyngklip <ian@MichiganConsumerLaw.com>; Laura Branco <Laura@MichiganConsumerLaw.com>
**Subject:** RE: Cleary v CoreLogic -- Withdrawal of Deposition Notice, Idrees Muhammad

Sylvia,

Does this mean you are issuing a hard copy notice of withdrawal, or that you intend to issue a new deposition notice tomorrow?

John

John J. Atallah

Foley & Lardner LLP
555 South Flower Street | Suite 3300
Los Angeles, CA 90071-2411
Direct: 213.972.4834
Fax: 213.486.0065

View My Bio



**From:** Sylvia Bolos <SylviaB@MichiganConsumerLaw.com>
**Sent:** Monday, April 1, 2019 12:42 PM
**To:** Kopp, Jeff <JKopp@foley.com>; Atallah, John J. <JAtallah@foley.com>; Lawson, Christi A. <Clawson@foley.com>
**Cc:** Ian Lyngklip <ian@MichiganConsumerLaw.com>; Laura Branco <Laura@MichiganConsumerLaw.com>
**Subject:** Cleary v CoreLogic -- Withdrawal of Deposition Notice, Idrees Muhammad

**\*\* EXTERNAL EMAIL MESSAGE \*\***
Counsel,

We're withdrawing the deposition notice for Idrees Muhammad.

We'll send a hardcopy notice tomorrow.


Thanks,

Sylvia Bolos



**SYLVIA BOLOS** *Attorney*
**Lyngklip & Associates Consumer Law Center, PLC**
**Email:** SylviaB@MichiganConsumerLaw.com **Phone:** (248) 208-8864
24500 Northwestern Hwy #206, Southfield, MI 48075  (map)
**MichiganConsumerLaw.com | Vcard**



The preceding email message may be confidential or protected by the attorney-client or work-product privileges. It is not intended for transmission to, or receipt by, any unauthorized persons. If you have received this message in error, please (i) do not read it, (ii) reply to the sender that you received the message in error, and (iii) erase or destroy the message and any attachments or copies. Any disclosure, copying, distribution or reliance on the contents of this message or its attachments is strictly prohibited, and may be unlawful. Unintended transmission does not constitute waiver of the attorney-client privilege or any other privilege. Legal advice contained in the preceding message is solely for the benefit of the Foley & Lardner LLP client(s) represented by the Firm in the particular matter that is the subject of this message, and may not be relied upon by any other party. Unless expressly stated otherwise, nothing contained in this message should be construed as a digital or electronic signature, nor is it intended to reflect an intention to make an agreement by electronic means.

The preceding email message may be confidential or protected by the attorney-client or work-product privileges. It is not intended for transmission to, or receipt by, any unauthorized persons. If you have received this message in error, please (i) do not read it, (ii) reply to the sender that you received the message in error, and (iii) erase or destroy the message and any attachments or copies. Any disclosure, copying, distribution or reliance on the contents of this message or its attachments is strictly prohibited, and may be unlawful. Unintended transmission does not constitute waiver of the attorney-client privilege or any other privilege. Legal advice contained in the preceding message is solely for the benefit of the Foley & Lardner LLP client(s) represented by the Firm in the particular matter that is the subject of this message, and may not be relied upon by any other party. Unless expressly stated otherwise, nothing contained in this message should be construed as a digital or electronic signature, nor is it intended to reflect an intention to make an agreement by electronic means.

The preceding email message may be confidential or protected by the attorney-client or work-product privileges. It is not intended for transmission to, or receipt by, any unauthorized persons. If you have received this message in error, please (i) do not read it, (ii) reply to the sender that you received the message in error, and (iii) erase or destroy the message and any attachments or copies. Any disclosure, copying, distribution or reliance on the contents of this message or its attachments is strictly prohibited, and may be unlawful. Unintended transmission does not constitute waiver of the attorney-client privilege or any other privilege. Legal advice contained in the preceding message is solely for the benefit of the Foley & Lardner LLP client(s) represented by the Firm in the particular matter that is the subject of this message, and may not be relied upon by any other party. Unless expressly stated otherwise, nothing contained in this message should be construed as a digital or electronic signature, nor is it intended to reflect an intention to make an agreement by electronic means.

# EXHIBIT G

**Atallah, John J.**

---

| | |
|---|---|
| **From:** | Sylvia Bolos <SylviaB@MichiganConsumerLaw.com> |
| **Sent:** | Monday, April 8, 2019 10:43 AM |
| **To:** | Atallah, John J.; Kopp, Jeff; Lawson, Christi A. |
| **Cc:** | Ian Lyngklip; Laura Branco |
| **Subject:** | RE: Cleary v CoreLogic -- Withdrawal of Deposition Notice, Idrees Muhammad |

**\*\* EXTERNAL EMAIL MESSAGE \*\***
2:30 EST on 4/10 it is. I just circulated the invite, including dial-in credentials.


Sylvia

---

**From:** JAtallah@foley.com <JAtallah@foley.com>
**Sent:** Monday, April 08, 2019 12:28 PM
**To:** Sylvia Bolos <SylviaB@MichiganConsumerLaw.com>; JKopp@foley.com; Clawson@foley.com
**Cc:** Ian Lyngklip <ian@MichiganConsumerLaw.com>; Laura Branco <Laura@MichiganConsumerLaw.com>
**Subject:** RE: Cleary v CoreLogic -- Withdrawal of Deposition Notice, Idrees Muhammad


Sylvia,

May we all plan to speak instead at 2:30 PM Eastern on Wednesday?  I have a hearing that morning and should be done by that time.

Please send us the dial-in for your conference line.

Thanks,

John

John J. Atallah

Foley & Lardner LLP
555 South Flower Street | Suite 3300
Los Angeles, CA 90071-2411
Direct: 213.972.4834
Fax: 213.486.0065

View My Bio



---

**From:** Sylvia Bolos <SylviaB@MichiganConsumerLaw.com>
**Sent:** Monday, April 8, 2019 9:11 AM
**To:** Kopp, Jeff <JKopp@foley.com>; Lawson, Christi A. <Clawson@foley.com>; Atallah, John J. <JAtallah@foley.com>

**Cc:** Ian Lyngklip <ian@MichiganConsumerLaw.com>; Laura Branco <Laura@MichiganConsumerLaw.com>
**Subject:** RE: Cleary v CoreLogic -- Withdrawal of Deposition Notice, Idrees Muhammad

**\*\* EXTERNAL EMAIL MESSAGE \*\***
Christie,

We'll plan to call your offices at 10am on Wednesday April 10, 2019. If that time doesn't work for you, please propose an alternative.


Thanks,

Sylvia Bolos

---

**From:** JKopp@foley.com <JKopp@foley.com>
**Sent:** Monday, April 08, 2019 11:01 AM
**To:** Sylvia Bolos <SylviaB@MichiganConsumerLaw.com>; Clawson@foley.com; JAtallah@foley.com
**Cc:** Ian Lyngklip <ian@MichiganConsumerLaw.com>; Laura Branco <Laura@MichiganConsumerLaw.com>
**Subject:** RE: Cleary v CoreLogic -- Withdrawal of Deposition Notice, Idrees Muhammad

Sorry, I am out this week for Army duty.  I will not be available for a call until noon on Thursday or Friday, but Christi or John is available before then.


Jeffrey S. Kopp
Foley & Lardner LLP
313.234.7140 (direct)
734.624.2183 (cell)
jkopp@foley.com

---

**From:** Sylvia Bolos <SylviaB@MichiganConsumerLaw.com>
**Sent:** Monday, April 8, 2019 9:40 AM
**To:** Lawson, Christi A. <Clawson@foley.com>; Atallah, John J. <JAtallah@foley.com>; Kopp, Jeff <JKopp@foley.com>
**Cc:** Ian Lyngklip <ian@MichiganConsumerLaw.com>; Laura Branco <Laura@MichiganConsumerLaw.com>
**Subject:** RE: Cleary v CoreLogic -- Withdrawal of Deposition Notice, Idrees Muhammad

**\*\* EXTERNAL EMAIL MESSAGE \*\***
Christie,

I understand that you are tied up, but we'd like to meet & confer regarding the noticed deposition. We've been asked repeatedly to withdraw that deposition notice, and we'd like to discuss it further.

What is the earliest that anyone on the CoreLogic team can get on the phone?  Please offer the earliest available date & time this week.

Thank you,

Sylvia Bolos

**From:** Clawson@foley.com <Clawson@foley.com>
**Sent:** Monday, April 08, 2019 9:35 AM
**To:** Sylvia Bolos <SylviaB@MichiganConsumerLaw.com>; JAtallah@foley.com; JKopp@foley.com
**Cc:** Ian Lyngklip <ian@MichiganConsumerLaw.com>; Laura Branco <Laura@MichiganConsumerLaw.com>
**Subject:** RE: Cleary v CoreLogic -- Withdrawal of Deposition Notice, Idrees Muhammad

I'm completely tied up until at least Wednesday.  However, I'm not sure what more there is to discuss after our last meet and confer by telephone, and then we provided our written objections.  Yianni Pantis is in-house counsel and acts solely in his legal capacity.  Thus, any guidance he provided the business is covered by the work-product doctrine and the attorney-client privilege.  CoreLogic Rental Property Solutions maintains its objections on that basis.

*Christi A. Lawson*
Foley & Lardner LLP
111 N. Orange Ave., Ste. 1800
Orlando, FL 32801-2386
clawson@foley.com
407-244-3235

**From:** Sylvia Bolos <SylviaB@MichiganConsumerLaw.com>
**Sent:** Monday, April 8, 2019 8:33 AM
**To:** Atallah, John J. <JAtallah@foley.com>; Kopp, Jeff <JKopp@foley.com>; Lawson, Christi A. <Clawson@foley.com>
**Cc:** Ian Lyngklip <ian@MichiganConsumerLaw.com>; Laura Branco <Laura@MichiganConsumerLaw.com>
**Subject:** RE: Cleary v CoreLogic -- Withdrawal of Deposition Notice, Idrees Muhammad

**\*\* EXTERNAL EMAIL MESSAGE \*\***
John,

We'd like to meet & confer to discuss the Yianni Pantis deposition – are you, Jeff, or Christie available today at 2pm EST?

Thank you,

Sylvia Bolos

**From:** JAtallah@foley.com <JAtallah@foley.com>
**Sent:** Monday, April 01, 2019 6:44 PM
**To:** Sylvia Bolos <SylviaB@MichiganConsumerLaw.com>; JKopp@foley.com; Clawson@foley.com
**Cc:** Ian Lyngklip <ian@MichiganConsumerLaw.com>; Laura Branco <Laura@MichiganConsumerLaw.com>
**Subject:** RE: Cleary v CoreLogic -- Withdrawal of Deposition Notice, Idrees Muhammad

Sylvia,

Thank you for confirming.  Are you also withdrawing the deposition notice for Yianni Pantis?

John

John J. Atallah

Foley & Lardner LLP
555 South Flower Street | Suite 3300
Los Angeles, CA 90071-2411
Direct: 213.972.4834
Fax: 213.486.0065

View My Bio



---

**From:** Sylvia Bolos <SylviaB@MichiganConsumerLaw.com>
**Sent:** Monday, April 1, 2019 12:48 PM
**To:** Atallah, John J. <JAtallah@foley.com>; Kopp, Jeff <JKopp@foley.com>; Lawson, Christi A. <Clawson@foley.com>
**Cc:** Ian Lyngklip <ian@MichiganConsumerLaw.com>; Laura Branco <Laura@MichiganConsumerLaw.com>
**Subject:** RE: Cleary v CoreLogic -- Withdrawal of Deposition Notice, Idrees Muhammad

## ** EXTERNAL EMAIL MESSAGE **
John,

A hard copy notice of withdrawal of Muhammad.


Sylvia

---

**From:** JAtallah@foley.com <JAtallah@foley.com>
**Sent:** Monday, April 01, 2019 3:45 PM
**To:** Sylvia Bolos <SylviaB@MichiganConsumerLaw.com>; JKopp@foley.com; Clawson@foley.com
**Cc:** Ian Lyngklip <ian@MichiganConsumerLaw.com>; Laura Branco <Laura@MichiganConsumerLaw.com>
**Subject:** RE: Cleary v CoreLogic -- Withdrawal of Deposition Notice, Idrees Muhammad

Sylvia,

Does this mean you are issuing a hard copy notice of withdrawal, or that you intend to issue a new deposition notice tomorrow?

John

John J. Atallah

Foley & Lardner LLP
555 South Flower Street | Suite 3300
Los Angeles, CA 90071-2411
Direct: 213.972.4834
Fax: 213.486.0065

View My Bio



**From:** Sylvia Bolos <SylviaB@MichiganConsumerLaw.com>
**Sent:** Monday, April 1, 2019 12:42 PM
**To:** Kopp, Jeff <JKopp@foley.com>; Atallah, John J. <JAtallah@foley.com>; Lawson, Christi A. <Clawson@foley.com>
**Cc:** Ian Lyngklip <ian@MichiganConsumerLaw.com>; Laura Branco <Laura@MichiganConsumerLaw.com>
**Subject:** Cleary v CoreLogic -- Withdrawal of Deposition Notice, Idrees Muhammad

**\*\* EXTERNAL EMAIL MESSAGE \*\***

Counsel,

We're withdrawing the deposition notice for Idrees Muhammad.

We'll send a hardcopy notice tomorrow.


Thanks,

Sylvia Bolos




**SYLVIA BOLOS** *Attorney*
**Lyngklip & Associates Consumer Law Center, PLC**
**Email:** SylviaB@MichiganConsumerLaw.com  **Phone:** (248) 208-8864
24500 Northwestern Hwy #206, Southfield, MI 48075  (map)
**MichiganConsumerLaw.com | Vcard**




The preceding email message may be confidential or protected by the attorney-client or work-product privileges. It is not intended for transmission to, or receipt by, any unauthorized persons. If you have received this message in error, please (i) do not read it, (ii) reply to the sender that you received the message in error, and (iii) erase or destroy the message and any attachments or copies. Any disclosure, copying, distribution or reliance on the contents of this message or its attachments is strictly prohibited, and may be unlawful. Unintended transmission does not constitute waiver of the attorney-client privilege or any other privilege. Legal advice contained in the preceding message is solely for the benefit of the Foley & Lardner LLP client(s) represented by the Firm in the particular matter that is the subject of this message, and may not be relied upon by any other party. Unless expressly stated otherwise, nothing contained in this message should be construed as a digital or electronic signature, nor is it intended to reflect an intention to make an agreement by electronic means.

The preceding email message may be confidential or protected by the attorney-client or work-product privileges. It is not intended for transmission to, or receipt by, any unauthorized persons. If you have received this message in error, please (i) do not read it, (ii) reply to the sender that you received the message in error, and (iii) erase or destroy the message and any attachments or copies. Any disclosure, copying, distribution or reliance on the contents of this message or its attachments is strictly prohibited, and may be unlawful. Unintended transmission does not constitute waiver of the attorney-client privilege or any other privilege. Legal advice contained in the preceding message is solely for the benefit of the Foley & Lardner LLP client(s) represented by the Firm in the particular matter that is the subject of this message, and may not be relied upon by any other party. Unless expressly stated otherwise, nothing contained in this message should be construed as a digital or electronic signature, nor is it intended to reflect an intention to make an agreement by electronic means.

The preceding email message may be confidential or protected by the attorney-client or work-product privileges. It is not intended for transmission to, or receipt by, any unauthorized persons. If you have received this message in error, please (i) do not read it, (ii) reply to the sender that you received the message in error, and (iii) erase or destroy the message and any attachments or copies. Any disclosure, copying, distribution or reliance on the contents of this message or its attachments is strictly prohibited, and may be unlawful. Unintended transmission does not constitute waiver of the attorney-client privilege or any other privilege. Legal advice contained in the preceding message is solely for the benefit of the Foley & Lardner LLP client(s) represented by the Firm in the particular matter that is the subject of this message, and may not be relied upon by any other party. Unless expressly stated otherwise, nothing contained in this message should be construed as a digital or electronic signature, nor is it intended to reflect an intention to make an agreement by electronic means.

The preceding email message may be confidential or protected by the attorney-client or work-product privileges. It is not intended for transmission to, or receipt by, any unauthorized persons. If you have received this message in error, please (i) do not read it, (ii) reply to the sender that you received the message in error, and (iii) erase or destroy the message and any attachments or copies. Any disclosure, copying, distribution or reliance on the contents of this message or its attachments is strictly prohibited, and may be unlawful. Unintended transmission does not constitute waiver of the attorney-client privilege or any other privilege. Legal advice contained in the preceding message is solely for the benefit of the Foley & Lardner LLP client(s) represented by the Firm in the particular matter that is the subject of this message, and may not be relied upon by any other party. Unless expressly stated otherwise, nothing contained in this message should be construed as a digital or electronic signature, nor is it intended to reflect an intention to make an agreement by electronic means.

The preceding email message may be confidential or protected by the attorney-client or work-product privileges. It is not intended for transmission to, or receipt by, any unauthorized persons. If you have received this message in error, please (i) do not read it, (ii) reply to the sender that you received the message in error, and (iii) erase or destroy the message and any attachments or copies. Any disclosure, copying, distribution or reliance on the contents of this message or its attachments is strictly prohibited, and may be unlawful. Unintended transmission does not constitute waiver of the attorney-client privilege or any other privilege. Legal advice contained in the preceding message is solely for the benefit of the Foley & Lardner LLP client(s) represented by the Firm in the particular matter that is the subject of this message, and may not be relied upon by any other party. Unless expressly stated otherwise, nothing contained in this message should be construed as a digital or electronic signature, nor is it intended to reflect an intention to make an agreement by electronic means.

# EXHIBIT H

**Atallah, John J.**

| | |
|---|---|
| **From:** | Lawson, Christi A. |
| **Sent:** | Wednesday, April 10, 2019 11:35 AM |
| **To:** | Sylvia Bolos; Atallah, John J. |
| **Cc:** | Kopp, Jeff; Ian Lyngklip |
| **Subject:** | RE: Cleary v. CoreLogic |

Good afternoon- The call-in number for the call this afternoon has apparently changed.  We attempted to dial the new number that is provided on the recording, but we receive a busy signal.  Please advise if there is another number we should call.

*Christi A. Lawson*
Foley & Lardner LLP
111 N. Orange Ave., Ste. 1800
Orlando, FL 32801-2386
clawson@foley.com
407-244-3235

---

**From:** Sylvia Bolos <SylviaB@MichiganConsumerLaw.com>
**Sent:** Wednesday, April 10, 2019 1:54 PM
**To:** Lawson, Christi A. <Clawson@foley.com>; Atallah, John J. <JAtallah@foley.com>
**Cc:** Kopp, Jeff <JKopp@foley.com>; Ian Lyngklip <ian@MichiganConsumerLaw.com>
**Subject:** RE: Cleary v. CoreLogic

**\*\* EXTERNAL EMAIL MESSAGE \*\***
Christie,

The subpoena is attached. That said, I'm not sure what you mean by "admitted in the case." Did you mean to say that you have since secured your admission to the EDMI?  Because I just checked PACER, neither you or John are appeared in this matter.


Sylvia Bolos

---

**From:** Clawson@foley.com <Clawson@foley.com>
**Sent:** Wednesday, April 10, 2019 1:45 PM
**To:** Ian Lyngklip <ian@MichiganConsumerLaw.com>; Sylvia Bolos <SylviaB@MichiganConsumerLaw.com>
**Cc:** JAtallah@foley.com; JKopp@foley.com
**Subject:** FW: Cleary v. CoreLogic

Can you please serve us with a copy of the subpoena so that we can review it?  John and I are both admitted in the case and did not receive a copy.  Jeff is out on Army duty this week.  We would also like to discuss on our call today the relevance of BBB complaints in Metro Washington.

Thank you,

*Christi A. Lawson*

Foley & Lardner LLP
111 N. Orange Ave., Ste. 1800
Orlando, FL 32801-2386
clawson@foley.com
407-244-3235

---

**From:** Kopp, Jeff <JKopp@foley.com>
**Sent:** Wednesday, April 10, 2019 12:57 PM
**To:** Lawson, Christi A. <Clawson@foley.com>; Atallah, John J. <JAtallah@foley.com>
**Subject:** Fwd: Cleary v. CoreLogic


Jeffrey Kopp
Jkopp@foley.com
313.234.7140

Begin forwarded message:

> **From:** Laura Branco <Laura@MichiganConsumerLaw.com>
> **Date:** April 10, 2019 at 12:50:45 PM EDT
> **To:** "Kopp, Jeff" <JKopp@foley.com>
> **Cc:** Ian Lyngklip <ian@MichiganConsumerLaw.com>, Sylvia Bolos <SylviaB@MichiganConsumerLaw.com>
> **Subject: Cleary v. CoreLogic**
>
> Hi Mr. Kopp,
>
> Attached please find Plaintiff's Notice of Subpoena directed to the BBB of Metro Washington.
>
> Best,
> Laura



**LAURA C. BRANCO** *Senior Paralegal*
**Lyngklip & Associates Consumer Law Center, PLC**
**Email:** Laura@MichiganConsumerLaw.com  **Phone:** (248) 208-8864
24500 Northwestern Hwy #206, Southfield, MI 48075  (map)
**MichiganConsumerLaw.com | Vcard**

The preceding email message may be confidential or protected by the attorney-client or work-product privileges. It is not intended for transmission to, or receipt by, any unauthorized persons. If you have received this message in error, please (i) do not read it, (ii) reply to the sender that you received the message in error, and (iii) erase or destroy the message and any attachments or copies. Any disclosure, copying, distribution or reliance on the contents of this message or its attachments is strictly prohibited, and may be unlawful. Unintended transmission does not constitute waiver of the attorney-client privilege or any other privilege. Legal advice contained in the preceding message is solely

for the benefit of the Foley & Lardner LLP client(s) represented by the Firm in the particular matter that is the subject of this message, and may not be relied upon by any other party. Unless expressly stated otherwise, nothing contained in this message should be construed as a digital or electronic signature, nor is it intended to reflect an intention to make an agreement by electronic means.

EXHIBIT I

**Atallah, John J.**

| | |
|---|---|
| **From:** | Sylvia Bolos <SylviaB@MichiganConsumerLaw.com> |
| **Sent:** | Wednesday, April 10, 2019 12:29 PM |
| **To:** | Lawson, Christi A.; Atallah, John J. |
| **Cc:** | Kopp, Jeff; Ian Lyngklip |
| **Subject:** | RE: Cleary v. CoreLogic |

## ** EXTERNAL EMAIL MESSAGE **

Christie,

We received the same message and dialed the alternative number provided and waited for you. When we didn't hear from you, we had to move to our next scheduled call. That said, we still need to take the Yianni Pantis deposition – please propose 3 dates.  I intend to re-notice that deposition for April 22, 2019 if I haven't heard back from you with alternative dates by the end of this week.

If you intend to stand on your objections, then we will look for your motion for protective order.


Thank you,

Sylvia Bolos


**From:** Clawson@foley.com <Clawson@foley.com>
**Sent:** Wednesday, April 10, 2019 2:35 PM
**To:** Sylvia Bolos <SylviaB@MichiganConsumerLaw.com>; JAtallah@foley.com
**Cc:** JKopp@foley.com; Ian Lyngklip <ian@MichiganConsumerLaw.com>
**Subject:** RE: Cleary v. CoreLogic

Good afternoon- The call-in number for the call this afternoon has apparently changed.  We attempted to dial the new number that is provided on the recording, but we receive a busy signal.  Please advise if there is another number we should call.

*Christi A. Lawson*
Foley & Lardner LLP
111 N. Orange Ave., Ste. 1800
Orlando, FL 32801-2386
clawson@foley.com
407-244-3235

**From:** Sylvia Bolos <SylviaB@MichiganConsumerLaw.com>
**Sent:** Wednesday, April 10, 2019 1:54 PM
**To:** Lawson, Christi A. <Clawson@foley.com>; Atallah, John J. <JAtallah@foley.com>
**Cc:** Kopp, Jeff <JKopp@foley.com>; Ian Lyngklip <ian@MichiganConsumerLaw.com>
**Subject:** RE: Cleary v. CoreLogic

## ** EXTERNAL EMAIL MESSAGE **

Christie,

The subpoena is attached. That said, I'm not sure what you mean by "admitted in the case." Did you mean to say that you have since secured your admission to the EDMI?  Because I just checked PACER, neither you or John are appeared in this matter.


Sylvia Bolos

---

**From:** Clawson@foley.com <Clawson@foley.com>
**Sent:** Wednesday, April 10, 2019 1:45 PM
**To:** Ian Lyngklip <ian@MichiganConsumerLaw.com>; Sylvia Bolos <SylviaB@MichiganConsumerLaw.com>
**Cc:** JAtallah@foley.com; JKopp@foley.com
**Subject:** FW: Cleary v. CoreLogic

Can you please serve us with a copy of the subpoena so that we can review it?  John and I are both admitted in the case and did not receive a copy.  Jeff is out on Army duty this week.  We would also like to discuss on our call today the relevance of BBB complaints in Metro Washington.

Thank you,

*Christi A. Lawson*
Foley & Lardner LLP
111 N. Orange Ave., Ste. 1800
Orlando, FL 32801-2386
clawson@foley.com
407-244-3235

---

**From:** Kopp, Jeff <JKopp@foley.com>
**Sent:** Wednesday, April 10, 2019 12:57 PM
**To:** Lawson, Christi A. <Clawson@foley.com>; Atallah, John J. <JAtallah@foley.com>
**Subject:** Fwd: Cleary v. CoreLogic


Jeffrey Kopp
Jkopp@foley.com
313.234.7140

Begin forwarded message:

> **From:** Laura Branco <Laura@MichiganConsumerLaw.com>
> **Date:** April 10, 2019 at 12:50:45 PM EDT
> **To:** "Kopp, Jeff" <JKopp@foley.com>
> **Cc:** Ian Lyngklip <ian@MichiganConsumerLaw.com>, Sylvia Bolos <SylviaB@MichiganConsumerLaw.com>
> **Subject: Cleary v. CoreLogic**
>
> Hi Mr. Kopp,
>
> Attached please find Plaintiff's Notice of Subpoena directed to the BBB of Metro Washington.

Best,
Laura

 **LAURA C. BRANCO** *Senior Paralegal*
**Lyngklip & Associates Consumer Law Center, PLC**
**Email:** Laura@MichiganConsumerLaw.com **Phone:** (248) 208-8864
24500 Northwestern Hwy #206, Southfield, MI 48075  (map)
**MichiganConsumerLaw.com | Vcard**

The preceding email message may be confidential or protected by the attorney-client or work-product privileges. It is not intended for transmission to, or receipt by, any unauthorized persons. If you have received this message in error, please (i) do not read it, (ii) reply to the sender that you received the message in error, and (iii) erase or destroy the message and any attachments or copies. Any disclosure, copying, distribution or reliance on the contents of this message or its attachments is strictly prohibited, and may be unlawful. Unintended transmission does not constitute waiver of the attorney-client privilege or any other privilege. Legal advice contained in the preceding message is solely for the benefit of the Foley & Lardner LLP client(s) represented by the Firm in the particular matter that is the subject of this message, and may not be relied upon by any other party. Unless expressly stated otherwise, nothing contained in this message should be construed as a digital or electronic signature, nor is it intended to reflect an intention to make an agreement by electronic means.

The preceding email message may be confidential or protected by the attorney-client or work-product privileges. It is not intended for transmission to, or receipt by, any unauthorized persons. If you have received this message in error, please (i) do not read it, (ii) reply to the sender that you received the message in error, and (iii) erase or destroy the message and any attachments or copies. Any disclosure, copying, distribution or reliance on the contents of this message or its attachments is strictly prohibited, and may be unlawful. Unintended transmission does not constitute waiver of the attorney-client privilege or any other privilege. Legal advice contained in the preceding message is solely for the benefit of the Foley & Lardner LLP client(s) represented by the Firm in the particular matter that is the subject of this message, and may not be relied upon by any other party. Unless expressly stated otherwise, nothing contained in this message should be construed as a digital or electronic signature, nor is it intended to reflect an intention to make an agreement by electronic means.

# EXHIBIT J

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION


RANDY CLEARY,


                    Plaintiff,

vs.                              Case No. 2:17-cv-14158-BAF-DRG

                                 Hon. Bernard A. Friedman

CORELOGIC RENTAL PROPERTY

SOLUTIONS, LLC,


                    Defendant.



DEPONENT:    RANDY WILLIAM CLEARY

DATE:        Wednesday, January 30, 2019

TIME:        9:52 a.m.

LOCATION:    Lyngklip & Associates

             Consumer Law Center, PLC

             24500 Northwestern Highway, Suite 206

             Southfield, Michigan

REPORTER:    Elizabeth G. LaBarge, CSR-4467

JOB NO:      8435

```
 1                    UNITED STATES DISTRICT COURT
                      EASTERN DISTRICT OF MICHIGAN
 2                         SOUTHERN DIVISION

 3

 4   RANDY CLEARY,

 5

 6                   Plaintiff,

 7   vs.                          Case No. 2:17-cv-14158-BAF-DRG

 8                                Hon. Bernard A. Friedman

 9   CORELOGIC RENTAL PROPERTY

10   SOLUTIONS, LLC,

11

12                   Defendant.

13

14

15

16   DEPONENT:    RANDY WILLIAM CLEARY

17   DATE:        Wednesday, January 30, 2019

18   TIME:        9:52 a.m.

19   LOCATION:    Lyngklip & Associates

20                Consumer Law Center, PLC

21                24500 Northwestern Highway, Suite 206

22                Southfield, Michigan

23   REPORTER:    Elizabeth G. LaBarge, CSR-4467

24   JOB NO:      8435

25
```

1    APPEARANCES:

2

3          LYNGKLIP & ASSOCIATES

4          CONSUMER LAW CENTER, PLC

5          By:  Sylvia Bolos, Esq.

6          24500 Northwestern Highway, Suite 206

7          Southfield, Michigan  48075

8          (248) 208-8864

9          sylviab@MichiganConsumerLaw.com

10               Appearing on behalf of the Plaintiff.

11

12          FOLEY & LARDNER LLP

13          By:  Jeffrey S. Kopp, Esq.

14          500 Woodward Avenue, Suite 2700

15          Detroit, Michigan  48226

16          (313) 234-7100

17          jkopp@foley.com

18               Appearing on behalf of the Defendant.

19

20

21

22

23

24

25

```
 1                      I  N  D  E  X

 2

 3   W I T N E S S

 4

 5       RANDY WILLIAM CLEARY                        PAGE

 6

 7   Examination by Mr. Kopp                           5

 8   Examination by Ms. Bolos                         99

 9

10

11

12                    E  X  H  I  B  I  T  S

13

14   NUMBER               DESCRIPTION               PAGE

15   Exhibit 1    7/20/99 letter from Densmore to Reitz   27

16   Exhibit 2    Handwritten letter from Mytinger to

17                Whom it May Concern . . . . . . . . .   48

18   Exhibit 3    10/12/11 letter from Brinningstaull

19                to Whom it May Concern  . . . . . . .   51

20   Exhibit 4    Brighton Sylvan Glen Estates Application

21                Requirements and Application Information

22                and Checklist . . . . . . . . . . . .   63

23   Exhibit 5    Brighton Sylvan Glens Estates

24                Request for Verification of Employment

25                and Rental Verification . . . . . . .   63
```

```
 1                      E  X  H  I  B  I  T  S

 2

 3    NUMBER                  DESCRIPTION                PAGE

 4    Exhibit 6     4/18/16 email Re: Resident app- Cleary

 5                  and attached documents  . . . . . . .   71

 6    Exhibit 7     Handwritten cover letter from Cleary

 7                  to Ireland and attachments  . . . . . .  72

 8    Exhibit 8     4/21/16 and 4/18/16 email chain

 9                  Re: Resident app- Cleary  . . . . . . .  74

10    Exhibit 9     3/18/16 letter from Ireland to Cleary .  82

11    Exhibit 10    CoreLogic SafeRent consumer file  . . .  86

12    Exhibit 11    Citation and Auglaize County Municipal

13                  Court documents . . . . . . . . . . . .  89

14    Exhibit 12    CoreLogic Rental Property Solutions

15                  consumer report . . . . . . . . . . . .  90

16    Exhibit 13    Michigan State Police documents . . . .  92

17    Exhibit 14    First Amended Complaint and Jury Demand  95

18                          *      *      *

19

20

21

22

23

24

25
```

|    |                                                         |
|----|---------------------------------------------------------|
| 1  | Wednesday, January 30, 2019                             |
| 2  | Southfield, Michigan                                    |
| 3  | 9:52 a.m.                                                |
| 4  | *       *       *                                       |
| 5  | R A N D Y   W I L L I A M   C L E A R Y                  |
| 6  | having been first duly sworn, was examined and          |
| 7  | testified as follows:                                   |
| 8  | E X A M I N A T I O N                                    |
| 9  | BY MR. KOPP:                                             |
| 10 | Q   Good morning, Mr. Cleary.                            |
| 11 | A   Good morning.                                        |
| 12 | Q   As I said earlier, my name is Jeff Kopp.  I represent |
| 13 |     CoreLogic Rental Property Solutions in this lawsuit and |
| 14 |     I'm going to be asking you some questions here today. |
| 15 | A   Okay.                                                |
| 16 | Q   Before we do that, I guess I'll start by making sure |
| 17 |     that you understand that you're under oath, do you   |
| 18 |     understand that?                                     |
| 19 | A   Yes, I do.                                           |
| 20 | Q   Okay.  By being under oath, you're swearing that the |
| 21 |     answers that you give here today are true and correct, |
| 22 |     do you understand that?                              |
| 23 | A   Yes.                                                 |
| 24 | Q   And if at any time you don't understand one of my   |
| 25 |     questions, will you let me know that?                |

```
 1   A    Diesel mechanic.

 2   Q    Where is Northstar Ranch located?

 3   A    Howell, Michigan.

 4   Q    And why did your employment with Northstar Ranch end?

 5   A    Shoulder injuries.

 6   Q    Are you currently on disability?

 7   A    I'm -- I've had two surge -- no.

 8   Q    What do you do for income?

 9   A    Right now, my special needs son gets SSI, that's it.

10   Q    Does he live with you?

11   A    Yes.

12   Q    And how old is your son?

13   A    Thirteen.

14   Q    Have you ever had any criminal convictions?

15   A    No.

16   Q    I know that this case is about --

17           MR. KOPP:  And I'm not going to mark the notice of

18        deposition.

19           MS. BOLOS:  Okay.

20   BY MR. KOPP:

21   Q    The case is about identity theft, is that correct?

22   A    Yes.

23   Q    When did you first have any issues with identity theft?

24   A    1988.

25   Q    And how did it come about that -- what happened?
```

| | | |
|---|---|---|
| 1 | A | I was arrested. |
| 2 | Q | Where were you arrested? |
| 3 | A | Northville. |
| 4 | Q | And how were you arrested, during a traffic citation, or |
| 5 | | what happened? |
| 6 | A | I don't remember how it actually came about. |
| 7 | Q | Did the police come to your house and get you? |
| 8 | A | Yes. |
| 9 | Q | And what happened? |
| 10 | A | I had made a complaint on a friend of mine for stealing |
| 11 | | my tools and then the next thing I know, they're at my |
| 12 | | door. |
| 13 | Q | So then what did the police tell you at that time? |
| 14 | A | I was arrested for escaping prison. |
| 15 | Q | How did you react to that? |
| 16 | A | What do you mean on how I reacted? |
| 17 | Q | Did you tell the policeman, "I never escaped from |
| 18 | | prison, what are you talking about?" |
| 19 | A | Yeah, I told him it was not me and got an attorney. |
| 20 | Q | Did they take you downtown and book you, put you in |
| 21 | | jail, what happened?  I'm trying to understand this. |
| 22 | A | They locked me up.  The next day, administration from |
| 23 | | Jackson Prison came, picked me up to take me back to |
| 24 | | Jackson, until they got a call saying you got the wrong |
| 25 | | guy. |

RANDY CLEARY vs CORELOGIC RENTAL PROPERTY SOLUTIONS       Job 8435
CLEARY, RANDY 01/30/2019                                                                14

```
1    Q   And you told an attorney or somebody who was appointed

2        for you that this wasn't you?

3    A   My mom's late husband had gotten me the attorney.  I

4        don't even remember his name.

5    Q   And so how long were you at Jackson State Prison?

6    A   I never made it back to -- they never made it back to

7        Jackson.

8    Q   Okay.  So you were en route to Jackson when this --

9    A   When they got the call to bring me back to release me.

10   Q   And you drove back then to Northville?

11   A   Right.

12   Q   Okay.  And where were you living at the time?

13   A   In Northville.

14   Q   What was the address there, if you can recall?

15   A   I don't recall.

16   Q   And so at that point, what else did you do at that point

17       after -- when you were released, I guess, from the

18       Northville Police Department?

19   A   It's so many years ago, I don't recall.

20   Q   Do you remember talking to a parole offer named Larry

21       Mytinger?

22   A   Yes.

23   Q   Who was Larry Mytinger?

24   A   He was actually the guy using my name's parole officer.

25   Q   And how did you come to know of Larry Mytinger?
```

1  Q    And was Anita there when you first applied, filled out

2       an application to move to Brighton?

3  A    Yes.

4            (Exhibit 4 was marked for identification.)

5  BY MR. KOPP:

6  Q    I've handed you, Mr. Cleary, a document that's called

7       Application Requirements - For Each Applicant, the title

8       that you see on Exhibit 4 underneath the address, do you

9       see that?

10  A   Yes.

11           MR. KOPP:  Let's mark this one too.

12           (Exhibit 5 was marked for identification.)

13  BY MR. KOPP:

14  Q   And I handed you also a document that I've marked as

15      Exhibit Number 5 and that says "Request for Verification

16      of Employment," do you see that?

17  A   Yes.

18  Q   So on April 18th, 2016, that's the date that I

19      believe -- if you turn to the second to last page of

20      Exhibit 4 and last page of Exhibit 4, you'll see there's

21      a signature and a date there and it says 4/18/16, do you

22      see that?

23  A   Yes.

24  Q   Do you believe that you filled out the application for

25      Brighton Sylvan Glen Estates on April 18, 2016?

```
 1   A   Yes.

 2   Q   And at that point, you had already negotiated for the

 3       trailer purchase with Mr. Neil, or Neil?

 4   A   Yes.

 5   Q   And what was your expected move-in date, was it sometime

 6       in May after you transitioned from Kensington over?

 7   A   Yes.

 8   Q   There wasn't any plan to move prior to May when you were

 9       there filling out the application, correct?

10   A   Correct.

11   Q   And when you -- is this your handwriting on the third

12       page, the third, fourth, and fifth page of the

13       application?

14   A   Yes.

15   Q   Now, when you completed the application, and I'm looking

16       specifically at the third page, the question is, "Have

17       you had another legal name?" and you checked yes and you

18       listed Reetz, two Es, and then Reitz, R-e-i-t-z, do you

19       see that?

20   A   Yes.

21   Q   And you listed your birthday, your social security

22       number, and your current address where you were living,

23       correct?

24   A   Correct.

25   Q   Okay.  And then if you turn to the next page, right
```

```
 1          above your signature, there's a paragraph that has an
 2          authorization, do you see that?
 3   A      Yes.
 4   Q      And it says, quote, "I/We authorize First Holding
 5          Management Company and its affiliates to obtain my/our
 6          credit report, employment, court records and other
 7          information necessary to live in one of their
 8          communities.  A photocopy of the application may be used
 9          to obtain this information.  Any false information in
10          the application may lead to rejection of this
11          application or the termination of lease," and then you
12          signed right below that authorization, correct?
13   A      Correct.
14   Q      And so you listed names that you had used before,
15          correct?
16   A      Correct.
17   Q      And you authorized First Holding Management Company to
18          conduct a background check on you, correct?
19   A      Correct.
20   Q      And did you believe at that point that they were going
21          to do a criminal background check on you?
22   A      Yes.
23   Q      And then in the Request for Verification of Employment,
24          you also signed that document and provided, I guess, a
25          copy of your W-2 and some kind of bill from --
```

1       MS. BOLOS:  I think that's his pay stub.

2   BY MR. KOPP:

3   Q   -- or pay stub, that's what I meant, I'm sorry, a pay

4       stub with your current address on it at that New Hudson

5       address, correct?

6   A   Correct.

7   Q   Okay.  And so when you applied for the lot at Sylvan

8       Glen, Brighton Sylvan Glen on April 18th, is there some

9       reason why you didn't tell them that you were the victim

10      of identity theft?

11  A   I did tell them I was a victim of identity theft.

12  Q   Who did you tell that to?

13  A   The park management.

14  Q   To Anita?

15  A   Anita and Lindsay.

16  Q   And what did they say?

17  A   That there was nothing they could do until they did the

18      background check to see what came back.

19  Q   Did you provide Anita and Lindsay any documentation such

20      as the letter that you had, Exhibit 2, or the flash,

21      Exhibit 1, at that point?

22      MS. BOLOS:  Objection, form.

23  A   No, I did not.

24  BY MR. KOPP:

25  Q   Why not?

1    A    I produced them with information when they came back and

2         said there was an issue of my lawsuit papers against the

3         State of Michigan and --

4    Q    I'll show you those documents after, but --

5    A    -- Exhibit Number 3.

6    Q    I guess my question, though, is if you knew there was

7         going to be an issue, why didn't you give them those

8         documents when they first -- when you first knew that

9         there was going to be an issue, why didn't you just

10        produce those documents up front and say --

11             MS. BOLOS:  Objection.

12   BY MR. KOPP:

13   Q    -- "Hey, there's going to be an issue, I know about

14        this"?

15             MS. BOLOS:  Objection, form, foundation.

16   A    I didn't know there would be an issue.

17   BY MR. KOPP:

18   Q    Okay.  Let's just hit rewind, okay?  When you went in,

19        you knew they were going to do a background check?

20   A    Correct.

21   Q    And you knew that there was going to be information that

22        came up on the background check --

23             MS. BOLOS:  Objection.

24   BY MR. KOPP:

25   Q    Didn't you testify to that earlier?

```
1   A   I don't know what the informa -- I don't know what the

2       background check recalls, I don't know what is in their

3       systems.

4   Q   Okay.

5   A   So as far as I know, it should all have been cleared up.

6   Q   Didn't you just tell me a second ago that you had a

7       conversation with Anita and Lindsay --

8   A   I said there may be an issue.

9           MS. BOLOS:  We can read it back so we're all

10      clear --

11          MR. KOPP:  I know what he said.

12          MS. BOLOS:  -- because I thought he said ID theft,

13      I don't think he said there would be something on his

14      background check.

15  BY MR. KOPP:

16  Q   All right.  I'm not trying to confuse you, I just want

17      to understand this, okay?  So let's take it from the

18      top.

19          You went in, you filled out the application on

20      April 18th, correct?

21  A   Correct.

22  Q   You knew that they were going to be doing a criminal

23      background check on you?

24  A   Correct.

25  Q   You did not tell Lindsay or Anita that you had any
```

| | | |
|---|---|---|
| 1 | | concerns that there would be an issue with the |
| 2 | | background check, is that right or wrong? |
| 3 | A | I said there was an identity issue. |
| 4 | Q | And did they ask -- and what else did you say about that |
| 5 | | or do you recall saying? |
| 6 | A | I don't recall, just that there was an identity issue, |
| 7 | | I've had an identity issue. |
| 8 | Q | And do you recall what they said when you told them that |
| 9 | | there might be an identity theft issue? |
| 10 | A | I don't recall exactly what they said, no. |
| 11 | Q | And you didn't think to provide them any written |
| 12 | | documents that might help explain away identity theft |
| 13 | | issues that could come back on the criminal background |
| 14 | | check at that time? |
| 15 | | MS. BOLOS:  Objection, form. |
| 16 | A | I don't know what was on the criminal background check. |
| 17 | | BY MR. KOPP: |
| 18 | Q | You just said that there might be some issues of |
| 19 | | identity theft, did I not hear that right? |
| 20 | A | I also said that there was -- also, it should have been |
| 21 | | cleared up in the previous lawsuit. |
| 22 | Q | Okay. |
| 23 | A | As far as I knew, it was. |
| 24 | Q | Okay.  So you weren't sure what would come back from |
| 25 | | the -- |

1    A    Right.

2    Q    -- background check.  There might be some identity theft

3         issue, that's why you said that to Lindsay and Anita?

4    A    Exactly.

5    Q    But all you did was say that you didn't see fit to give

6         them any documentation at that time?

7              MS. BOLOS:  Asked and answered.  Can we move on?

8              MR. KOPP:  No, I want --

9              MS. BOLOS:  Don't harass him over it.

10             MR. KOPP:  I want to get a clean record here and I

11        don't believe that I have.

12   A    This is just sounding like harassment.

13   BY MR. KOPP:

14   Q    I'm not trying to harass you.  I'm trying to understand.

15   A    But I've already answered your question.

16   Q    I want a clean record and then we'll move on.

17             At the time that you applied, you did not see a

18        need to give Lindsay or Anita any written documentation

19        that would have substantiated any identity theft issues

20        that might have arised as a virtue -- as a result of the

21        criminal background check that was being performed on

22        you, is that correct?

23             MS. BOLOS:  Objection, form.

24   A    Correct.

25   BY MR. KOPP:

```
 1            MS. BOLOS:  Objection, form.
 2   A    I didn't think anything would come back, everything, as
 3        far as I knew, was taken care of.
 4   BY MR. KOPP:
 5   Q    Okay.  And so other than the time it took you to go and
 6        collect the information that you provided to
 7        Ms. Ireland, has your criminal background been an issue
 8        for you since you moved into Brighton Sylvan Glen
 9        Estates?
10            MS. BOLOS:  Objection, form.
11   BY MR. KOPP:
12   Q    Do you understand the question?
13   A    Not really.
14   Q    Has anyone at Brighton Sylvan Glen raised any criminal
15        convictions with you or that are on your record, has
16        that been an issue in any way since you've moved into
17        Brighton Sylvan Glen Estates?
18   A    No.
19   Q    And after you -- so just so I understand, so three days
20        after you applied first to move to the Brighton Sylvan
21        Glen Estates, you were approved to live in the
22        community, is that right?
23   A    Correct.
24   Q    And when did you move in?  Sometime in May, you don't
25        know when?
```